IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff,* | ) |
| v. | ) No. 18 CR 602 |
| MARSHAWN WILLIAMS, | ) Judge Virginia M. Kendall |
| *Defendant.* | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Marshawn Williams seeks to withdraw his guilty plea entered in this case. [95]. For the reasons given below, Williams has not provided a fair and just reason for his plea to be withdrawn, and his motion is thus denied.

## BACKGROUND

Williams was arrested by officers of the Chicago Police Department on May 12, 2018. In September 2018, a federal grand jury indicted Marshawn Williams for narcotics trafficking and firearm possession in violation of 18 U.S.C. §§ 841(a)(1), 922(g)(1), and 924(c)(1)(A). (Dkt. 1.) In January 2019, Williams moved to suppress the firearm, drugs, and any statements he made to law enforcement after his arrest. (Dkt. 21.) The Court presided over a two-day suppression hearing on May 16 and May 22, 2019. (Dkt. 34–35; *see generally* Dkt. 36–37 (Suppression Hearing Transcript).) At that hearing, CPD Officer Pedro Vianna (among others) testified. The Court denied Williams' motion to suppress (Dkt. 43).

Williams subsequently pled guilty (Dkt. 60, Plea Agreement) and a Change of Plea hearing was held on December 4, 2019. (Dkt. 59). In his plea agreement (Dkt. 60) Williams agreed that he read the charges against him, the charges were fully explained to him by his attorney, and he understood the nature and elements of the crimes he had been charged with. (*Id.* at ¶¶ 3-4). The plea agreement states that Williams "is in fact guilty of the charges contained in Counts One and Two of the superseding indictment." (*Id.* at ¶ 6). The plea agreement also includes a waiver of trial rights, appellate rights, and collateral rights including "all appellate issues that might have been available if he had exercised his right to trial" including "any pre-trial rulings by the Court." (*Id.* at ¶22(a)-(b)). Williams now moves to withdraw his plea [95].

## LEGAL STANDARD

A defendant may withdraw a plea of guilty after a court accepts the plea but before the court imposes a sentence if a defendant can show a fair and just reason for withdrawal. Fed.R.Crim.P. 11(d)(2)(B); *United States v. Mays,* 593 F.3d 603, 607 (7th Cir.2010). A defendant's right to withdraw a plea prior to sentencing is not absolute. *Id.* at 606–07. One instance in which a defendant may withdraw a plea of guilty is where the defendant did not enter the plea voluntarily and knowingly. *Id.* To ensure that a defendant enters his plea voluntarily and knowingly, a court must address the defendant personally in open court. Fed.R.Crim.P. 11(b)(1); *United States v. Blalock,* 321 F.3d 686, 688 (7th Cir.2003). During this exchange, known as a Rule 11 or plea colloquy, a court informs a defendant who intends to enter a plea of guilty of

various rights outlined in Rule 11 to ensure that the defendant understands his rights. *Id.* But Rule 11 does not require rigid adherence. *Id.* Rather, the validity of a plea colloquy depends on whether the defendant understood the charge against him and whether the court informed the defendant of his rights. *Id.* at 688–89; *see also United States v. Messino,* 55 F.3d 1241, 1254 (7th Cir.1995). Factors such as the complexity of the charge, the defendant's level of intelligence, age, education, and whether counsel represented the defendant influence the determination as to the validity of a Rule 11 colloquy. *Blalock,* 55 F.3d at 689. Substantial compliance with Rule 11 is all that is necessary to ensure that a defendant enters his plea voluntarily and knowingly. *See United States v. Davila,* 133 S.Ct. 2139, 2146–47 (2013); *United States v. Akinsola,* 105 F.3d 331, 334 (7th Cir.1997). Any variance from the requirements of Rule 11 is harmless error if it does not affect substantial rights. Fed.R.Crim.P. 11(h). Whether an error is harmless in the context of Rule 11 depends on "whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." *United States v. Loutos,* 383 F.3d 615, 618 (7th Cir.2004) (citations omitted).

## DISCUSSION

### I. Withdrawal of Plea

Williams relies primarily on *United States v. Saenz* for the proposition that a defendant's guilty plea "is a voluntary and intelligent choice among the alternative courses of action open to him." *Saenz,* 969 F.2d 294, 296 (7th Cir. 1992). Williams argues that at the time he entered his plea, he did not know Officer Vianna had

testified at an earlier grand jury proceeding. He argues that because the testimony calls Officer Vianna's testimony at the suppression hearing in this case into question, he could not have made an "intelligent choice" to plead guilty without knowledge of that testimony. (Dkt. 95 at 3). Williams claims he "would not have foregone his right to pursue reconsideration of the Court's ruling and would not have agreed to any plea that would cause waiver of his appellate rights on the issues raised in his motion to suppress." (Dkt. 95 at 3).

No defendant has an absolute right to withdraw a guilty plea. *See U.S. v. Underwood,* 174 F.3d 850 (7th Cir. 1999). Williams may withdraw his plea before sentencing if he can show "a fair and just reason." *U.S. v. Misiolek,* 359 Fed. App'x 665 (7th Cir. 2010). But once a proper Rule 11 colloquy has taken place, the "fair and just… escape hatch is narrow." *United States v. Mays,* 593 F.3d 603, 607 (7th Cir. 2010). Therefore the Court first turns to whether Williams had a proper Rule 11 colloquy.

Williams was represented by counsel at his Rule 11 colloquy and was put under oath. The Court asked him if he had read the plea agreement more than once, asked questions of his counsel if he was not sure of any of its contents, and received answers to his questions. Williams confirmed he understood the plea. The Court explained the charges Williams was pleading guilty to, the minimum and maximum penalties he faces, and the sentencing guidelines and their advisory nature. The Court asked if anyone was forcing Williams to plead guilty and Williams responded no. The Court

asked if Williams was making his own personal decision to plead guilty and Williams answered, "I'm doing it because I'm guilty."

The Court then told Williams about his trial rights, including his right to a speedy trial, his right to a trial by a jury of his peers, and his right to an attorney at that trial. The Court explained that if he exercised his right to a trial, the government would put on evidence and witness testimony, and his attorney would cross-examine those witnesses because he has a constitutional right to confront his accusers. The Court further explained that the government could bring in other evidence, and Williams' attorney could challenge that evidence. The Court explained to Williams he had a right to testify, but if he chose not to testify he has a constitutional right not to incriminate himself and the jury would be instructed not to infer guilt from a decision to exercise that constitutional right.

The Court then told Williams that if he pled guilty, he would be waiving those rights, and asked if he understood. Williams said that he did understand. The Court explained to Williams that he would also be waiving any appeal rights that would have come out of a trial, and Williams confirmed he understood. The Court stated that he would therefore only be able to appeal the plea, and his sentence once imposed. Williams confirmed he understood. After the Government provided the facts that would show Williams was guilty beyond reasonable doubt, the Court asked Williams how he pled as to Counts One and Two of the superseding indictment. Williams pled guilty to both counts.

Williams does not challenge the propriety of the Rule 11 colloquy, nor does he dispute the facts in the plea agreement that establish his guilt. His responses during his plea colloquy reflect a voluntary plea and knowing waiver of his trial and appellate rights. Williams argues that, without the knowledge of Officer Vianna's testimony from the earlier grand jury, his plea was not "intelligent." (Dkt 95). Williams bears a heavy burden to prove that this is a "fair and just" reason to withdraw his plea despite his sworn assurances to the Court. *See U.S. v. Collins*, 796 F.3d 829 (7th Cir. 2015) (district court may presume truth of defendant's prior sworn statements in plea colloquy.)

Fatal to Williams' position here is that the Seventh Circuit has often held that a defendant can offer a knowing and voluntary plea without having received full discovery from the Government. *See United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016); *see also U.S. v. Underwood,* 174 F.3d 850, 853-854 (7th Cir. 1999) (rejecting argument that a defendant "should be able to take back his guilty plea if, after learning what evidence the government had available for trial, [the defendant] takes the position that the government's evidence against him is false"); *United States v. Seybold,* 979 F.2d 582, 587 (7th Cir.1992) (Fed.R.Crim.P. 11 "does not require the trial judge at the plea hearing to air all of the government's evidence").

For example, in *U.S. v. Underwood*, the Seven Circuit noted that a guilty plea entered by a defendant that did not see the Government's hand in advance is still voluntary if the plea follow disclosure of an adequate factual basis. *See U.S. v. Underwood,* 174 F.3d 850, 854 (7th Cir. 1999) (citing *See United States v. Winston,* 34

F.3d 574, 578-79 (7th Cir.1994) (where defense counsel allegedly withheld discovery materials from defendant, district court properly denied motion to withdraw guilty plea since defendant had ample opportunity at the change-of-plea hearing to alert the court if he needed more information to enter an informed plea).)

Williams also argues that the differences in Officer Vianna's testimony are so substantial that they "go to the heart of the Fourth Amended fact issues the court considered at the conclusion of the fact-finding portion of the Fourth Amendment suppression hearing." (Dkt. 103, Reply at 2). In essence, Williams' position is that he could not voluntarily and knowingly plead guilty without the benefit of Vianna's earlier testimony. (*Id).* This position is inconsistent with the Seventh Circuit's decisions *Graf, Underwood,* and *Bryant.* Williams has provided no authority to the contrary. For example, in *U.S. v. Bryant,* 557 F.3d 489 (7th Cir. 2009), the Seventh Circuit considered the argument that because the defendant had discovered new, relevant evidence leading to a new legal argument, he had a fair and just reason to withdraw his plea. The Seventh Circuit disagreed because the newly discovered evidence was not related to his factual guilt or innocence. Id. at 495-496 ("The evidence and legal arguments that Mr. Bryant relied upon in his motion at best relate to the strength of the Government's case against him, not his factual or legal innocence. As we previously have noted, '[a] defendant is not entitled to withdraw his plea merely because he has misapprehended the strength of the government's case.'") citing *Silva*, 122 F.3d at 415.

Furthermore, the Government has explained that Williams already had statements from Officer Vianna substantially similar to the grand jury testimony, and that it was *cited in his motion to suppress*. That is because Officer Vianna's testimony to the Cook County grand jury was substantially the same as Officer Vianna's prior statements to the ATF, which were disclosed to Williams in discovery. (Dkt. 100 at 4; *see also* Dkt. 21 at 3). The Government points specifically to ATF Report of Investigation #10 that summarizes an interview the Government conducted with Officer Vianna on July 18, 2018. (Dkt. 100 at 5). In his motion to suppress, Williams states that according to the report, "the officers [Spacek and Vianna] both state that the vehicle Mr. Williams was seated in 'was parked more than 12 inches from the curbside.'" (Dkt. 21 at 3). As the Government points out—if Williams wanted to cross-examine Officer Vianna about this detail during the suppression hearing to test his credibility, he was free to do so. (*Id.* at 7). The transcript of the suppression hearing shows that he did not, and it casts additional doubt on any present allegation about the importance of that detail. While Williams contests the Government's assertion that the testimony was not materially different,[1] Vianna's grand jury testimony was that the vehicle he observed was illegally parked. In the ATF Report, Officer Vianna stated that he and his partner stopped behind a vehicle in front of them and adjacent to another parked vehicle. That vehicle "was parked more than 12 inches from the

---

[1] Williams does not identify in his motion the exact testimony from Officer Vianna's grand jury testimony that he believes "calls into question the veracity" of Officer Vianna's testimony at the suppression hearing.

Page 8 of 11

curbside." (Dkt. 100, Dkt. 21). Williams does not address this point in his Reply, nor does he deny having the ATF report prior to the suppression hearing.

Williams makes no allegations that the Government improperly withheld discovery or that his prior counsel did not properly investigate or conduct adequate cross-examination of Officer Vianna at the suppression hearing.[2] At most, Williams is making conclusory allegations that had he known about the grand jury testimony, he would not have pled guilty and waived both his trial and appellate rights. But Williams' reevaluation of his trial (or appellate) prospects does not afford a basis for withdrawing his validly entered guilty plea. *See Underwood*, 174 F.3d at 853-854.

Williams argues that the Government has not explained how Williams made a voluntary and intelligent choice "concerning the direction of litigation without the benefit of discovery." (Dkt. 103, Reply at 2). This argument both improperly shifts the burden to the Government and misstates what is required to withdraw a plea. It is Williams who must explain why his plea was not voluntary and knowing—not the Government who must prove that it was. And Williams has not met his heavy burden here. *See U.S. v. Collins*, 796 F.3d 829 (7th Cir. 2015)

At bottom, Williams is not entitled to withdraw his plea because he believes he misapprehended the strength of the government's case. *See, e.g., United States v. Bryant*, 557 F.3d 489, 496 (7th Cir. 2009); *United States v. Underwood*, 174 F.3d 850, 853–54 (7th Cir. 1999); *United States v. Silva,* 122 F.3d 412, 415 (7th Cir.1997). At best, Williams—with the benefit of additional information—now has made a different

---

[2] The Government in its Opposition explain that it was not aware of Officer Vianna's earlier grand jury testimony and it was thus not produced in discovery. (Dkt. 100).

calculus about the direction of his case. But that does not rise to the level of a "fair and just" reason for withdrawal considering the proper Rule 11 colloquy conducted in this case and the weight of Seventh Circuit law contrary to Williams' position. Williams' motion to withdraw his plea is thus denied.

## II. Defendant's Request for Evidentiary Hearing

An evidentiary hearing on a motion to withdraw a plea should be granted freely, but such a hearing need not be held when the defendant's motion fails to set forth a "fair and just reason" on its face. *U.S. v. Winston,* 34 F.3d 574, 578-79 (7th Cir. 1994). If no "substantial evidence that impugns the validity of the plea" is offered, or if "the allegations advanced in support of the motion are mere conclusions or are inherently unreliable, the motion may be denied without a hearing." *U.S. v. Jones*, 381 F.3d 615, 618 (7th Cir. 2004), *quoting U.S. v. Redig,* 27 F.3d 277, 280 (7th Cir. 1994). Furthermore, the defendant must overcome the presumption of verity that attaches to statements made at the Rule 11 colloquy. *Id.* at 618. Whether to hold a hearing on the plea's validity is a matter left to the trial court's sound discretion. *United States v. Jones,* 381 F.3d 615, 618 (7th Cir. 2004). Williams makes no allegations in his Motion [95] that the Rule 11 colloquy conducted by the Court was not thorough or fair. He only asserts that, had he had the benefit of additional discovery, he may not have entered into his plea. These allegations are vague and conclusory and thus these assertions alone do not entitle him to an evidentiary hearing. *See Jones* at 619.

## **CONCLUSION**

For the reasons stated herein, Williams' motion for an evidentiary hearing and to withdraw his plea [95] is denied.

_____
Virginia M. Kendall
United States District Judge

Date: November 30, 2021